UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAKEVIEW CONDOMINIUM ASSOCIATION, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4436** |
| **SCOTTSDALE INSURANCE COMPANY** | **SECTION: "N" (4)** |

### ORDER

Before the Court is **Plaintiff's Motion to Compel (doc. # 55)** filed by the plaintiffs, Lakeview Condominium Association, Inc., seeking an order from this Court compelling responses to discovery. The defendant, Scottsdale Insurance Company, filed an opposition memorandum. This motion came on for oral hearing on May 16, 2007.

### I.    Background

On August 18, 2006, Lakeview filed this action contending that it sustained a total loss to its insured structure because of the effects of Hurricane Katrina. It contends that its insurer, Scottsdale, breached its insurance contract with them by not properly valuing its loss. It seeks to recover for breach of the insurance contracts covering the structure, and for breach of the statutory duties created by La. R.S. §§ 22:1220 and 22:658. The defendant answered, denying liability.

On March 6, 2007, Lakeview propounded Interrogatories and Requests for Production of documents on Scottsdale. Scottsdale did not respond, and Lakeview filed the subject motion to

compel.

## II.     Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant of the claim or defense of any party." FED. R. CIV. P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Hebert v Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

## III.    Analysis

During the hearing, the parties advised the Court that they had reached a settlement on all of the issues raised in the motion except for one, Interrogatory Number 8. Thus, in light of the agreement, the majority of the motion is denied as moot.

Interrogatory Number 8 seeks a list of every policy on which claims were denied after Katrina in which there was no structure or little structure remaining. Scottsdale objected contending that the request was overbroad and burdesnsome. It contended that obtaining the information would require the review of hundreds or thousands of files.

The Court notes that because claims files are not generally categorized by extent of loss, such a request, not limited in geographical scope, would require that Scottsdale review all its files to determine whether an individual claims falls within the request. Such a request is overly burdensome and the objection is sustained and the motion to compel Interrogatory Number 8 is

denied.

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion to Compel (doc. # 55)** is **DENIED**.

New Orleans, Louisiana, this  11th  day of June 2007

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**